```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                 │
│ DATE FILED: 11/29/2021               │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

BUILDING SERVICE 32BJ HEALTH FUND,    :
and BUILDING SERVICE 32BJ THOMAS     :         20 Civ. 3376 (GBD) (RWL)
SHORTMAN TRAINING, SCHOLARSHIP    :
AND SAFETY FUND,                    :
                                      :
              Plaintiffs,    :
                                        :        **ORDER RE CONTEMPT SANCTIONS**
        - against -           :
                                        :
MERIDIAN MATERIALS, INC.,          :
                                        :
             Defendant.    :

-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       Plaintiffs are employee benefit funds which filed this action pursuant to the Employee Retirement Income Security Act ("ERISA") to compel the Defendant employer's compliance with its contractual, regulatory, and statutory obligations to produce records and cooperate with the funds for purposes a payroll audit. Defendant did not appear in the action, and default judgment was entered against it. That judgment required that Defendant produce records and comply with its audit obligations. Defendant has produced some but not all records required by the Judgment. Accordingly, Plaintiffs have moved for imposition of civil contempt sanctions. For the following reasons, the motion is denied without prejudice to a future application.

## Legal Standard

       Federal Rule of Civil Procedure 70 provides remedies for a party's failure to perform a specific act required by a judgment. As relevant here, the court may hold the disobedient party in contempt. (Fed. R. Civ. P. 70(e); *Ecopetrol S.A. v. Offshore Exploration and Production LLC*, 172 F. Supp. 3d 691, 695 (S.D.N.Y. 2016) (Rule 70(e)

1

"provides a remedy of contempt if a party fails to comply with a judgment requiring the performance of a specific act").  A Rule 70 civil contempt sanction "serves to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance."  *Board of Trustees of the Local 295/Local I.B.T. Employment Group Pension Trust Fund v. Hail Air Freight, Inc.*, No. 06-CV-528, 2008 WL 1758719, at *2 (S.D.N.Y. Apr. 16, 2008) (internal quotation marks and citation omitted).

A party may be held in contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir.1995)).  To be clear and unambiguous, the order must be "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." *Mingoia v. Crescent Wall Systems*, No. 03 Civ. 7143, 2005 WL 991773, at *1 (S.D.N.Y. April 26, 2005) (quoting *Panix Promotions, Ltd. v. Lewis*, No. 01 Civ. 2709, 2004 WL 421937, at *2 (S.D.N.Y. March 5, 2004)).  Contempt may be either civil or criminal, depending upon "the substance of the contempt proceeding and the 'character and purpose' of the sanction involved."  *D'Orange v. Feely*, 959 F. Supp. 631, 637 (S.D.N.Y.1997) (citing *Gompers v. Bucks Stove & Range Company*, 221 U.S. 418, 441, 31 S. Ct. 492, 498 (1911)).  "A contempt sanction is considered civil if it is remedial and for the benefit of the complainant, and criminal if it is punitive, to vindicate the authority of the court."  *Id.*

2

In civil non-consent cases, such as this one, a magistrate judge has authority to certify to the district court that facts exist sufficient to establish a finding of contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii).  "In certifying the facts under Section 636(e), the magistrate judge's role is 'to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'"  *Toxey v. United States*, No. 10 Civ. 3339, 2011 WL 4057665, at *2 (S.D.N.Y. Aug. 25, 2011) (quoting *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008)).  As discussed below, the Court finds that the facts do not support certification for a finding of contempt and sanctions.

### Facts

 The Plaintiffs are Building Service 32BJ Health Fund and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund (the "Funds" or "Plaintiffs"). The Funds commenced this action on April 30, 2020 seeking, among other relief, a judgment ordering Defendant Meridian Materials, Inc. ("Meridian" or "Defendant") to comply with a payroll compliance audit.  (Dkt. 1.)

Meridian failed to appear, answer, or otherwise move with respect to the complaint, and, on July 6, 2020, the Court entered a default judgment against Meridian (the "Judgment").  (Dkt. 10.)  The Judgment required Meridian to:

> permit and cooperate in the conduct of an audit by the Funds' auditor of the books and record of the Defendant, for the period July 1, 2016 through December 31, 2017, including immediate production of the

3

> Individual earnings records (payroll history records), Weekly payroll journals, Timesheets, Quarterly Federal and State payroll tax returns, W-2s, Employee Roster (including job descriptions, job locations, hire, leave, and termination dates), General Ledger/Cash Disbursement Journal, and Employees' 401(k) enrollment, and any other documents deemed necessary for the audit to be properly conducted.

(Judgment ¶ 1.)  The Judgment also awarded the Funds the audit fees incurred, and to be incurred, in attempting to perform and actually performing the payroll compliance audit, as well as reasonable attorney's fees and costs of the action.  (Judgment ¶¶ 2-4.)

The Funds have submitted an email chain attached to their moving brief reflecting an exchange with Meridian about compliance with the Judgment.  (Dkt. 12-2.)  On August 18, 2020, counsel for the Funds appears to have sent an email to Meridian's principal, Dr. George Hong, "reaching out to you again in the hope that Meridian will finally cooperate with this audit, and comply with the Court's Judgment regarding the audit documents needed, for the time period July 1, 2016 through December 31, 2017."  (Dkt. 12-2.)  Dr. Hong responded the following day as follows:

> As I told you, we gave all information which we have.
>
> Please dispatch auditors to my office and we will show which we have it.
>
> For example, we do not file any thing except we sent you.  We do not show you non-union members payroll.  But I do not mind showing you your auditor when he comes to my office.
>
> Again, I amsick and tired for your requirement.  COME to my office.

(Dkt. 12-2 (grammatical and typographical errors in original).)  The Judgment appears to have been attached to the email chain.  (Dk. 12-2 (attachment described as "Meridian – Signed Audit Judgment.pdf").)

As of March 22, 2021, Meridian had not provided all required audit documents, including records for employees not already ready reported to the Funds.  (Fox Decl. ¶ 3-5.[1])  On March 23, 2021, more than eight months after the Judgment issued, the Funds moved for contempt, imposition of coercive monetary sanctions, and attorney's fees and costs in making the motion.  (Dkt. 11.)

The matter was referred to me on October 26, 2021.  (Dkt. 14.)  On October 28, 2021, I issued an order to show cause why Plaintiffs' motion should not be granted and scheduled the show-cause hearing for November 22, 2021.  (Dkt. 15.)  On October 29, 2021, a copy of the order to show cause was served on Meridian.  (Dkt. 16.)  Meridian did not appear for the hearing or otherwise respond to the order to show cause.

### Discussion

The facts set forth above are not sufficient to establish a finding of contempt for Meridian's failure to comply with the Judgment.  The Funds have not established any of the three required elements.

The Judgment required Meridian to immediately "provide" documents.  The Funds' motion is premised on an interpretation that equates "provide" with production and delivery of copies in some form (such as paper or digital).  That is a reasonable interpretation.  But another reasonable interpretation is that Meridian could provide the documents by making them available for inspection at Meridian's office, which is exactly

---

[1] "Fox Decl." refers to the Declaration of Michael Fox, dated March 22, 2021 (Dkt. 12-3).  Mr. Fox is a director of the Funds' auditing firm.  (Fox Decl. ¶1.)  The Fox Declaration refers to Defendant's correspondence with the auditing firm but does not authenticate or even identify that correspondence.  The Court surmises that the correspondence is the email attached to the Funds' moving brief, but that does not cure the evidentiary lapse.

what Meridian offered to do.  *See https://www.merriam-webster.com/dictionary/provide* (first defining "provide" as "to make (something) available : to supply (something that is wanted or needed)") (accessed on Nov. 29, 2021).   There being more than one reasonable interpretation of what is required of Meridian, the Court cannot conclude that the relevant language of the Judgment is clear and unambiguous.  *See Seiden Associates, Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 429 (2d Cir. 1992) (language is ambiguous if it is "susceptible to more than one reasonable interpretation"); *Dish Network Corporation v. Ace American Insurance Co.*, 431 F.Supp.3d 415, 423 (S.D.N.Y. 2019) (ambiguity in contract exists when terms are "subject to more than one reasonable interpretation") (internal citations and quotation marks omitted).

Nor can the court conclude that the other two elements for contempt are met.  In the August 2020 email exchange, Dr. Hong indicates that although Meridian did "not show" records for "non-union members payroll," it "do[es] not mind showing" those records to the Funds' auditor "when he comes to my office."  (Dkt. 12-2.)  The Funds have not submitted any evidence that they or their auditor followed up on Dr. Hong's invitation to come to his office to inspect the relevant records or that Dr. Hong later retracted his invitation for on-site review of the records.  There thus is not clear and convincing proof that Meridian has failed to provide the relevant documents as required by the Judgment or that Meridian has not diligently attempted to comply in a reasonable manner.

### Conclusion

For the foregoing reasons, Plaintiffs' motion is denied without prejudice to a future application made upon a sufficient showing.   In the meantime, Plaintiffs may seek

clarification of the Judgment as to the specific manner(s) by which Meridian can satisfy

its obligation to "provide" the requisite documents.

Respectfully submitted,

_____

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:      New York, New York
            November 29, 2021

Copies transmitted to all counsel of record and to Defendant.